Filed 12/20/21  P. v. Speck CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RICHARD WALTER SPECK,<br><br>        Defendant and Appellant. | C094265<br><br>(Super. Ct. Nos. P19CRF0512,<br>              P20CRF0522) |

Appointed counsel for defendant Richard Walter Speck appeals from an order denying defendant's postjudgment request to modify a split sentence.  Defendant's appointed counsel found no arguable issues and filed a brief under *People v. Wende* (1979) 25 Cal.3d 436, asking this court to independently review the record to determine whether there were any arguable issues on appeal.  Although properly advised of his right to file a supplemental brief, defendant did not file one.  We therefore dismiss the appeal as abandoned.

1

# BACKGROUND

In case No. P19CRF0512, deputies stopped defendant while he was driving a vehicle with no front license plate and a rear plate that had been reported stolen. The owner of a tow yard had previously reported chains had been cut off the gate and a vehicle was missing from the tow yard. Upon searching the vehicle, deputies found bolt cutters and tools to remove a license plate in the trunk.

A jury found defendant guilty of driving a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)) and receiving a known stolen vehicle (Pen. Code, § 496d),[1] and as to both counts found true the allegation the vehicle was worth more than $950. The trial court sentenced him to the upper term of three years on the charge of unlawfully taking or driving a vehicle, to be served as a split sentence (§ 1170, subd. (h)(5)), and the upper term of three years on receiving a known stolen vehicle, stayed under section 654, and imposed various fines and fees. The court ordered the sentence split as a two year commitment in "county prison," with credit for 336 days, and one year on mandatory community supervision.

In case No. P20CRF0522, defendant damaged a catalytic converter belonging to another person and pleaded no contest to felony vandalism. (§ 594.) In accordance with the plea, the trial court sentenced him to an eight-month term (one-third the midterm), consecutive to the mandatory community supervision in case No. P19CRF0512.

Subsequently, the parties learned the custodial sentences had been transposed; as a result of this error, defendant was released from county prison after serving one year in custody and placed on two years of mandatory community supervision.

---

[1] Undesignated statutory references are to the Penal Code.

Defendant moved the trial court to modify the custodial portion of his sentence. The People objected and asked the court to remand defendant to serve the remainder of his time in custody as originally imposed. The court denied defendant's motion.

Defendant timely appealed from the denial of his request to modify his sentence. The case was fully briefed on October 5, 2021, and assigned to this panel later that month.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief requesting *Wende* review of the court's postjudgment order denying defendant's section 1170.95 petition and properly advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have received no communication from defendant.

Whether the protections afforded by *Wende* and the United States Supreme Court's decision in *Anders v. California* (1967) 386 U.S. 738 apply to an appeal from an order denying a postjudgment motion to modify a sentence is an open question. Our Supreme Court is set to resolve the issue in *People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted February 17, 2021, S266305.

In *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870,[2] we described the *Anders/Wende* procedure that we held applicable to appeals from section 1170.95 petitions: " '[C]ounsel appointed in such appeals is required to independently review the entire record and, if counsel so finds, file a brief advising the appellate court that there are "no arguable issues to raise on appeal"; [counsel must inform] the defendant [that he or she] has a right to file a supplemental brief [within 30 days of the filing of counsel's brief]; and this court has the duty to address any issues

---

[2] Review was granted in *Figueras* and held for *Delgadillo.*

3

raised by the defendant but otherwise may dismiss the appeal without conducting an independent review of the record.' " (*Figueras*, at pp. 112-113.)  We adhere to the reasoning of *Figueras* as to this postjudgment motion to modify defendant's sentence as well.

Because appellate counsel complied with their obligation to advise defendant of his right to file a supplemental brief and he did not raise any appellate claims, we dismiss the appeal as abandoned in accordance with the procedures articulated in *Figueras*. (*Figueras, supra*, 61 Cal.App.5th at pp. 112-113, review granted; see also *People v. Cole* (2020) 52 Cal.App.5th 1023, 1031-1034, 1036-1037, review granted Oct. 14, 2020, S264278 [*Wende* procedures do not apply to appeal from order denying postconviction petition for resentencing under § 1170.95].)

## DISPOSITION

The appeal is dismissed.


                                                    /s/
                                            Duarte, J.



We concur:



      /s/
Raye, P. J.



      /s/
Hoch, J.


4